IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN KEITH CHAPLIN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV–22–170–JAR |
| ) | |
| KILO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Brian Keith Chaplin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A

claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was fifty-two years old at the time of the administrative hearing. (Tr. 30, 47). He possesses at least a high school education. (Tr. 47). He has no past relevant work. (Tr. 47). Claimant alleges that he has been unable to work since April 1, 2007, due to limitations resulting from "debilitating depression," anxiety, diabetes, inflammation of the prostate, paranoid schizophrenic, and mental psychosis. (Tr. 122).

## Procedural History

On May 8, 2020, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Cynthia G. Weaver ("ALJ") issued an unfavorable decision on December 23, 2021. Appeals Council denied review,

so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly evaluating the medical opinion evidence, and (2) improperly determining Claimant's RFC thus failing to include all of Claimant's limitations in the RFC and the hypothetical questioning of the vocational expert at step five.

### Consideration of Medical Evidence

In her decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, major depressive disorder, anxiety disorder, and unspecified schizophrenia-spectrum disorder. (Tr. 32). The ALJ concluded that Claimant retained the RFC to perform light work. Specifically, the ALJ found that Claimant can occasionally perform postural maneuvers but can never climb, ropes, ladder, or scaffolds. Claimant must avoid concentrated pulmonary irritants. The ALJ also opined that Claimant can only understand, remember, and perform unskilled, one-to-three step instructions and tasks with

a GED reasoning of "1" or "2." Claimant can adapt to infrequent and well-explained workplace changes. Additionally, Claimant can only casually and occasionally interact with coworkers and the general public. Claimant can, however, concentrate and remain on task for two hours at a time, sufficient to complete an eight-hour workday. The ALJ lastly found that Claimant must be afforded an option to sit or stand during the workday, one-to-two minutes at a time, while remaining on task. (Tr. 37)

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of assembler, router, and merchandise marker. (Tr. 48). As a result, the ALJ found Claimant has not been under a disability since May 8, 2020, the date the application was filed. (Tr. 48).

Claimant contends that the ALJ did not properly consider and discuss the medical opinion evidence of the state reviewing physicians and psychiatrists. For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or

contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Generally, the ALJ is not required to explain how the other factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). She may not "pick and choose among medical reports, using

6

portions of evidence favorable to [her] position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If she rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Considering first the ALJ's analysis of the state reviewing psychiatrist's opinions, the ALJ found the multiple opinions to be "mostly persuasive" and "partially supported." (Tr. 44). The ALJ then followed with the same boilerplate language she used when considering each of the medical opinions. The ALJ stated that the "doctors again never personally examined the claimant. However, these assessments [were] at least somewhat explained. Moreover, these conclusions [were] broadly consistent with the medical evidence of record." (Tr. 44). Although, the ALJ did connect some of these assertions to the actual conclusions and medical records, she then improperly rejects one specific conclusion. Particularly, the ALJ improperly rejected the findings on social limitations. Despite the state reviewing physicians, at both levels, finding limitations in Claimant's ability to interact with supervisors, the ALJ found these opinions to be unpersuasive. Initially the state reviewing physician determined that Claimant could "relate to supervisors . . . on a superficial work basis." (Tr. 116). On reconsideration, the state reviewing physician opined that Claimant would work best in a setting with "limited contact with supervisors." (Tr. 140).

Nonetheless, the ALJ determined these conclusions were unsupported, citing to instances of normal eye contact and speech throughout the medical record. The ALJ came to this conclusion in spite of the similar, consistent conclusions offered by the consultative physicians, who likewise determined Claimant had limitations in interacting with supervisors. (Tr. 45).

Clearly, an ALJ cannot substitute her own medical opinion for that of a medical professional. *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996). This Court cannot be assured that the ALJ's decision was guided by the objective medical evidence rather than her own personal opinion and medical knowledge. In rejecting the conclusion consistent through the medical opinions that Claimant had a limitation in interacting with supervisors, it is clear to this Court that the ALJ substituted her own medical opinion for that of qualified medical professionals. On remand, the ALJ shall provide specific, legitimate reasons for rejecting the medical opinion evidence.

Given that this Court is reversing on the ALJ's improper consideration of the medical opinion evidence, it need not address the additional arguments at this time. However, if the ALJ in properly considering the medical opinion evidence finds an alternative RFC, the ALJ shall conform her RFC determination and hypothetical question accordingly.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of

Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

    **DATED** this 13th day of October, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**